**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL WAGNER, SR. | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-06-1130 |
| JON P. GALLEY, *et al.* | : | |
| Defendants | : | |

o0o

**MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Plaintiff has filed a Response in Opposition. Upon review of the papers filed, the Court finds a hearing in this matter is unnecessary. For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

<u>Background</u>

Plaintiff alleges that he witnessed the February 5, 2005, murder of another inmate on a Division of Correction transportation van and provided information to investigators regarding what he saw. Paper No. 1 at p. 1. That information allegedly included a description of what correctional officers were doing at the time of the murder. *Id.* As a result of his cooperation, Plaintiff claims that other correctional officers accused him of being a snitch and told him he should keep his mouth shut. *Id.* On February 6, 2006, he alleges he was handcuffed behind his back when Officer Geiger escorted him to the showers, stuck his thumb into the crack of his buttocks, and stated 'this is what you get for snitching on C.O.'s." *Id.* at p. 2.

Plaintiff further alleges that on February 3, 2006, he had major surgery and for three days experienced heavy bleeding from his nose. *Id.* He asked for medical attention from correctional staff, but was told the doctor was on vacation and that he should shut up and stop crying about

his nose.  *Id.*  He claims "an argument started" and he was cuffed behind his back and taken to

Unit 4 property strip room by Officer Cole, who asked him if he thought he should get special

treatment because he had surgery.  *Id.*  He claims Cole then stated that he would give him a

reason to bleed and punched him in the back of the head.  *Id.*  Plaintiff alleges he filed an

administrative remedy complaint about the incident and, in response, was told he would have a

hard time proving it.  *Id.*

Plaintiff alleges that his complaints have been ignored and he continues to be threatened

by Cole.  *Id.*  He has asked to be transferred to another prison, but was told he could only be

transferred to Western Correctional Institution because he is assigned to protective custody.  *Id.*

at p. 3.  He states his requests for an interstate transfer have been denied and that he is fear that

he will again be assaulted by correctional officers.  *Id.*

<u>Standard of Review</u>

A motion for summary judgment will be granted only if there exists no genuine issue as

to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R.

Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v.

Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that

properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see

also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v.

Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979)；  *Stevens v. Howard D. Johnson Co.*, 181

F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no

genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted

the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations of excessive force and retaliation.

 "[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants allege that Plaintiff has not properly exhausted administrative remedies regarding the assault by Cole. Paper No. 31 at p. 4. They admit that Plaintiff filed an initial administrative remedy complaint which was dismissed because it was referred to the Internal Investigative Unit (IIU) for investigation. *Id.* at p. 3; Ex. 6 and 7. The investigation concluded that Plaintiff's allegations were unfounded. *Id.* at Ex. 7. Defendants assert that Plaintiff failed to take further recourse by filing a complaint with the Inmate Grievance Office (IGO) concerning the adverse findings of the IIU.

Plaintiff claims that he did send a complaint to the IGO concerning the investigation but

4

his complaint was ignored. Paper No. 36.  He alleges that there has been a concerted effort by

Defendants to cover up the incident and points to counsel's failure to file a response to this

Court's show cause order as evidence that no effort is being made to insure his safety.  *Id.*   The

Court notes, however, that a response to the show cause Order was in fact filed by Defendants

and Plaintiff responded to the pleading.  Papers No. 4 and 11.

To the extent that the administrative procedures that were utilized have provided

Defendants with the opportunity to investigate the claims and to implement any remedy deemed

appropriate for the complaint, the Court declines the opportunity to dismiss the complaint for

failure to exhaust administrative remedies. Plaintiff has alleged enough to conclude that his

efforts to exhaust administrative remedies may have been thwarted by Defendants.  Accordingly,

the merits of the complaint are addressed below.

<u>Analysis</u>

Excessive Force

The use of excessive force against a prisoner violates the Eighth Amendment. Whether

force used by prison officials was excessive is determined by inquiring if "force was applied in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992).  The Court must look at: the need for application

of force; the relationship between that need and the amount of force applied; the extent of the

injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived

by prison officials; and any efforts made to temper the severity of the response. *See Whitley v.

Albers*, 475 U. S. 312, 321 (1986).  The injury sustained by the prisoner must be more than *de

minimus* to state a claim.  *See Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997).

Defendants allege that none of the assaults or incidents of harassment alleged by Plaintiff took place.  The IIU investigation included interviews with the officers allegedly involved and an interview with Plaintiff.  They claim that Plaintiff's chief concern during the investigative interview was obtaining a transfer and having his disciplinary segregation time reduced.  Paper No. 31 at Ex. 7, p. 4.   They assert that he offered to drop the allegations against Cole and other officers in exchange for those accommodations.  *Id*.  Plaintiff told investigators that he was not injured as a result of the assault, but that the conduct was wrong.  *Id*.  In his Response in Opposition, Plaintiff has provided a statement from another inmate stating that he was approached by correctional officers with requests to assault Plaintiff and, in exchange for his cooperation, he was told he would not receive any disciplinary consequences.  Paper No. 36 at Ex. L.  There is no allegation in the complaint or the amended complaint that Plaintiff was assaulted by another inmate at the behest of correctional staff.  Papers No. 1 and 5.  Plaintiff does not deny that he was not injured by the assaults, but claims the blow to the back of his head was done maliciously and caused pain.  Paper No. 36.

The alleged incident involving Officer Graham inserting his thumb into the crack of Plaintiff's buttocks does not state an Eighth Amendment claim.  Plaintiff does not allege an injury that resulted from the incident.   Thus, to the extent the incident occurred, Defendants are entitled to summary judgment in their favor.

The alleged assault on Plaintiff by Cole also did not involve a significant injury.  Plaintiff does not dispute that he told investigators that he was not injured as a result of the assault.  To the extent that Plaintiff was already suffering a nosebleed at the time of the alleged assault, there is no evidence or claim that the assault exacerbated that condition.  Moreover, there is evidence

that some use of force was justified by the circumstances. *See* Paper No. 11 at Ex.1– 3. Defendants describe an incident which occurred when Plaintiff began complaining about the failure to provide him with medical attention in response to his nosebleed. Plaintiff became agitated because he believed a response was not forthcoming, and threw his hands into the air as if to assault one of the officers standing nearby. Paper No. 31 at Ex. 7, p. 4. Cole denies, however, punching Plaintiff in the back of the head during the efforts to subdue him. *Id*. The use of some force was justified by Plaintiff's own conduct. Thus, the absence of any cognizable injury together with the presence of a justifiable use of force entitle Defendants to summary judgment in their favor.

Retaliation

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much showing of adversity must be made in order to survive a motion for summary judgment. "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

It is undisputed that Plaintiff was a witness in the criminal prosecution of inmate Kevin Johns, who allegedly killed inmate Phillip Parker, Jr. while on a Division of Correction bus. Paper No. 36 at Ex. Q. There is no evidence, however, that Plaintiff was prevented from talking with officials about the incident or that he will be prevented from testifying at trial. There is also

no evidence that Plaintiff suffered any cognizable harm as a result of his cooperation in the

criminal prosecution.  To the extent that Plaintiff asserts he has suffered harm[1] as a result of

filing the instant complaint, the allegations are conclusory and do not state a claim.  Accordingly,

Defendants are entitled to summary judgment on this claim.

Conclusion

In light of the absence of any genuine dispute of material fact, Defendants are entitled to

summary judgment in their favor.  A separate Order granting the motion for summary judgment

follows.


 March 7, 2007                                    _____/s/_____
                                                  Alexander Williams, Jr.
                                                  United States District Judge

---

[1] Plaintiff claims he was assaulted by another inmate, there is nothing before this Court, however, establishing a connection between that assault and the filing of this Complaint.  To the extent that Plaintiff has a separate Eighth Amendment claim for failure to protect him from a specific, known threat of violence, the merits of that claim are not addressed here.